COREY A. DONALDSON (CA Bar No. 280383)
cdonaldson@fcoplaw.com
JESSICA M. WAN (CA Bar No. 316389)
jwan@fcoplaw.com
MORGAN T. LYNCH (CA Bar No. 323696)
mlynch@fcoplaw.com
**FERGUSON CASE ORR PATERSON LLP**
1050 South Kimball Road
Ventura, CA 93004
Telephone: 805.659.6800
Facsimile: 805.659.6818

Attorneys for Plaintiff Holly M. Riddel

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| HOLLY M. RIDDEL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>HEARTS ON FIRE COMPANY, LLC, a Massachusetts Limited Liability Company; SAKS GLOBAL ENTERPRISES LLC, a Delaware Limited Liability Company; THE NEIMAN MARCUS GROUP LLC, a Delaware Limited Liability Company; and DOES 1-20, inclusive,<br><br>Defendants. | CASE NO. 25-cv-6276<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>1) **TRADEMARK INFRINGEMENT [15 U.S.C. § 1114];**<br>2) **FEDERAL UNFAIR COMPETITION [15 U.S.C. § 1125(a)]; and**<br>3) **CALIFORNIA UNFAIR COMPETITION [Cal. Bus. & Prof. Code §§ 17200 *et seq.*]**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**ACTION SEEKING NATIONWIDE RELIEF** |

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

Holly M. Riddel ("Riddel") brings this action seeking injunctive relief and damages to protect and enforce her rights in the federally registered, incontestable trademark INSIDE OUT against knowing and willful infringement by Defendants Hearts on Fire Company, LLC ("HOF"), Saks Global Enterprises LLC ("Saks Global"), The Neiman Marcus Group LLC ("Neiman Marcus"), and DOES 1 through 20, inclusive (collectively, "Defendants"). Riddel alleges as follows:

## PARTIES

1.      Riddel is, and was at all times mentioned in this Complaint, an individual residing in the State of California.

2.      On information and belief, HOF is, and was at all times mentioned in this Complaint, a limited liability company duly organized and existing under the laws of the State of Massachusetts, with an address of 99 Summer Street, 4th Floor, Boston, MA 02110.

3.      On information and belief, Saks Global is, and was at all times mentioned in this Complaint, a limited liability company duly organized and existing under the laws of the State of Delaware, with an address of 225 Liberty Street, 25th Floor, New York, NY 10281.

4.      On information and belief, Neiman Marcus is, and was at all times mentioned in this Complaint, a limited liability company duly organized and existing under the laws of the State of Delaware, with an address of 1618 Main Street, Dallas, TX 75201.

5.      Riddel does not know the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants named herein as DOES 1 through 10, inclusive. Riddel therefore sues them by use of fictitious names. Riddel is informed and believes that Doe Defendants 1 through 10 are affiliated in some manner with HOF, Saks Global, and/or Neiman Marcus, and have direct, contributory, or vicarious responsibility for the wrongful acts as alleged herein. Riddel will amend this Complaint appropriately once the true names and capacities of Doe Defendants 1 through 10 are learned.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

6.      On information and belief, at all times herein mentioned, each of the Defendants was the agent of each of the remaining Defendants, and in doing the things alleged herein, was acting within the scope of such agency. On information and belief, the conduct of each of the Defendants as alleged herein was ratified by each of the other Defendants, and the benefits thereof were accepted by each of the other Defendants.

7.      On information and belief, each of the Defendants induced the other Defendants to infringe upon Riddel's rights, participated in, and enabled the other Defendants to engage in the unlawful conduct herein alleged, or supervised that conduct, with knowledge that the conduct of other Defendants would infringe upon Riddel's rights in the INSIDE OUT mark, and constitute unfair competition and false and deceptive actions. Therefore each of the Defendants is jointly and severally liable as a contributory or vicarious infringer of Riddel's rights.

## JURISDICTION AND VENUE

8.      This action arises under the Lanham Act. The Complaint states claims for infringement of a federally registered trademark under Section 32 of the Lanham Act (15 U.S.C. § 1114); federal unfair competition under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and unfair competition under California Business & Professions Code § 17200 *et seq.*

9.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, in that this case arises under the federal trademark laws of the United States. This Court has pendent and supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

10.      This Court has personal jurisdiction over Defendants because they have each committed one or more of the infringing acts complained of herein in California and in this district. This Court has personal jurisdiction over HOF, Saks Global, and Neiman Marcus because they have committed one or more of the infringing acts complained of herein in California and in this district.

11.      On information and belief, Saks Global is the corporate parent of Neiman

3

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

Marcus.

12.     HOF and Neiman Marcus are each registered to do business in the State of California and each has a registered agent in the State of California.

13.     On information and belief, HOF products are sold through Neiman Marcus stores. On information and belief, Neiman Marcus has stores in Beverly Hills, Newport Beach, and Topanga, in this district. On information and belief, HOF products, including those products accused herein, are sold through Neiman Marcus stores in California, including one or more of the stores in this district.

14.     On information, HOF products, including those products accused herein, are offered for sale and sold through one or more of Neiman Marcus's websites, including being offered for sale and sold into California and this district.

15.     On information and belief, HOF ships products, including those products accused herein, to customers in California and this district.

16.     On information and belief, Defendants do regular business in California and in this district.

17.     This Court has personal jurisdiction because the causes of action brought herein against Defendants arise out of Defendants' contacts with the State of California. This Court has personal jurisdiction over Defendants because, among other things, Defendants conduct business in the State of California and in this judicial district and thus enjoy the privileges and protections of California law.

18.     Venue in this Court is proper at least under the provisions of 28 U.S.C. §§ 1391(b) and 1391(c) because a substantial part of the events giving rise to the claims arose in this District.

**RIDDEL'S BUSINESS AND DEVELOPMENT OF THE "INSIDE OUT" MARK**

19.     This is an action for trademark infringement and unfair competition.

20.     Riddel began working in the fine metal and jewelry industry in or around 1998.

21.     In or around 2005, Riddel set out on her own and began offering her own

4

jewelry under the trademark INSIDE OUT.

22.     Riddel has sold jewelry under the INSIDE OUT trademark continuously since in or around 2005, including sales in interstate commerce every year since 2005.

23.     On her website, https://loveismyintention.com/collection/inside-out/, Riddel describes INSIDE OUT jewelry as follows: "Each piece carries a specific intention and affirmation that has been chosen based on the energy that stone holds. By wearing the unbreakable bond of this jewelry, you stay focused and committed to your new intention. With the repetition of a positive affirmation, new beliefs are formed and your life begins to change. It's what's on the inside that counts."

24.     Riddel also uses the INSIDE OUT mark in conjunction with related ventures, such as the INSIDE OUT MOVEMENT WELLNESS JOURNEY, founded in 2024.

25.     Riddel has invested enormous time and resources in the INSIDE OUT brand.

26.     Riddel views the INSIDE OUT brand as one of her life callings.

27.     Through approximately two decades of use and promotion, the INSIDE OUT mark as used by Riddel in relation to jewelry has acquired significant market strength and goodwill, and has acquired distinctiveness and secondary meaning in addition to its inherent distinctiveness.

28.     In recent years, Riddel, has focused on expanding the INSIDE OUT brand.

29.     In 2024, Riddel turned her focus to a new line of high-end engagement designs to be offered under the INSIDE OUT brand.

30.     Since at least as early as July 2024, Riddel has been in contact with Signet Jewelers regarding the INSIDE OUT brand and a potential INSIDE OUT line of engagement jewelry.

31.     On information and belief, Signet Jewelers is one of the largest retailers of diamond jewelry in the world, and includes brands such as Kay Jewelers, Zales, and Jared.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

32.    Signet Jewelers' representatives expressed interest in partnering with Riddel and offering INSIDE OUT jewelry, including in January 2025.

33.    Riddel has successfully enforced her INSIDE OUT trademark rights on multiple occasions, including both against jewelry sellers and social media posts.

**RIDDEL'S FEDERAL TRADEMARK REGISTRATION FOR "INSIDE OUT"**

34.    In August 8, 2017, Riddel applied to register the INSIDE OUT mark with the United States Patent and Trademark Office ("USPTO") under U.S. TM App. No. 87/560422 ("the '422 Application").

35.    The USPTO never refused registration of the INSIDE OUT mark as applied for in the '422 Application on descriptiveness grounds.

36.    The USPTO never refused registration of the INSIDE OUT mark as applied for in the '422 Application on genericness grounds.

37.    The '422 Application was published for opposition on January 2, 2018. No opposition was filed.

38.    On March 20, 2018, the USPTO issued U.S. TM Reg. No. 5,427,382 for the mark INSIDE OUT in International Class 014, covering "Jewelry" ("the '382 Registration"). A true and complete copy of the '382 Registration is attached hereto and made a part of the Complaint as <u>Exhibit 1</u>.

39.    On February 13, 2025, Riddel filed with the USPTO a Declaration of Incontestability of a Mark under Section 15 of the Lanham Act (15 U.S.C. § 1065). A true and complete copy of this Declaration is attached hereto and made a part of the Complaint as <u>Exhibit 2</u>.

40.    On April 8, 2025, the USPTO issued a Notice of Acknowledgment under Section 15, which stated, in pertinent part: "The declaration of incontestability filed for the above-identified registration meets the requirements of Section 15 of the Trademark Act, 15 U.S.C. § 1065. **The Section 15 declaration is acknowledged**." (emphasis in original). A true and complete copy of the USPTO's April 8, 2025 Notice of Acknowledgment Under Section 15 is attached hereto and made a part of the Complaint

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

as <u>Exhibit 3</u>.

41.    The '382 Registration, owned by Riddel, is live and enforceable.

42.    The '382 Registration is incontestable under 15 U.S.C. § 1065.

43.    The INSIDE OUT mark as applied to jewelry is inherently distinctive.

44.    Irrespective of the '382 Registration and the inherent distinctiveness of the INSIDE OUT mark as applied to jewelry, through her promotion and use of the INSIDE OUT mark, Riddel has also acquired trademark rights in the term INSIDE OUT as used in conjunction with jewelry due to secondary meaning and acquired distinctiveness.

## HOF'S INFRINGEMENT OF RIDDEL'S RIGHTS IN THE "INSIDE OUT" MARK

45.    On information and belief, HOF is a jewelry company.

46.    On or around February 10, 2025, Riddel discovered that HOF was offering or planning to offer a line of jewelry under the phrase INSIDE/OUT (the "Accused Products").

47.    On information and belief, HOF launched the INSIDE/OUT line in February 2025 or after.

48.    For instance, the periodical PR Newswire wrote on February 12, 2025: "From today through February 25, 2025, this historic fashion landmark will host an exclusive preview of Hearts On Fire's newest collection, Inside Out, for a limited time ahead of its nationwide release in April 2025." A true and complete copy of the February 12, 2025 article published by PR Newswire at <u>https://www.prnewswire.com/apac/news-releases/hearts-on-fire-debuts-at-bergdorf-goodman-302373956.html</u> (visited July 4, 2025) is attached hereto and made part of this Complaint as <u>Exhibit 4</u>.

49.    Upon learning of HOF's plans and infringing use of the phrase INSIDE/OUT, Riddel obtained counsel, who sent HOF a cease and desist letter on or around February 19, 2025.

50.    Counsel for HOF responded on or around February 26, 2025, indicating that it would not comply with Riddel's demand to cease and desist.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

51.     Counsel for Riddel sent a follow-up cease and desist letter to counsel for HOF on or around March 13, 2025.

52.     Counsel for HOF responded to the follow-up letter on or around March 25, 2025, indicating again that it would not comply.

53.     Counsel for Riddel sent a third cease and desist letter to counsel for HOF on or around April 22, 2025.

54.     Counsel for HOF responded via email on or around April 25, 2025, indicating that HOF stood by its prior responses and would not comply.

55.     As of the date this Complaint is filed, HOF offers jewelry for sale in conjunction with the phrase INSIDE/OUT, including on its website. A true and complete copy of HOF's website at https://www.heartsonfire.com/en/signature-collections/inside-out/?sz=24 (visited July 4, 2025), displaying its INSIDE/OUT collection is attached hereto and made a part of the Complaint as Exhibit 5.

56.     HOF uses the INSIDE/OUT phrase as a trademark.

57.     HOF uses the INSIDE/OUT phrase in a trademark manner.

58.     HOF emphasizes the phrase INSIDE/OUT compared to surrounding text, such as by capitalization and/or increased font size.

59.     HOF's website describes the INSIDE/OUT collection as follows: "The INSIDE/OUT collection reimagines the artistry of bespoke tailoring and translates it into the realm of fine jewelry. Each piece is a celebration of the transformative power of the perfect fit."

60.     Since the release of the INSIDE/OUT collection, HOF also launched, via social media, a collection of short films entitled INSIDE STORIES.

61.     For instance, a true and complete copy of a June 2025 Instagram post by HOF is attached hereto and made a part of the Complaint as Exhibit 6.

62.     The post shown in Exhibit 6 states, in part: "'Trust the fire within you.' Six exceptional women, six journeys that embody the INSIDE/OUT collection's spirit of passion and authenticity. Stay tuned as we unveil a collection of short films providing an

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

intimate glimpse into each woman's world and their INSIDE STORIES."

63.     Riddel demanded third parties cease offering or promoting the Accused Products. For instance, on or around May 15, 2025, counsel for Riddel sent a letter to the JCK Show, a major jewelry trade show held annually in Las Vegas, demanding that they abstain from exhibiting or promoting Accused Products.

64.     The JCK Show indicated that, although it was neutral and did not control the products to be displayed by HOF, it would forward Riddel's complaints to HOF.

65.     On or around June 11, 2025, counsel for HOF sent counsel for Riddel a letter. A true and complete copy of the June 11, 2025 letter from HOF's counsel to Riddel's counsel is attached hereto and made a part of the Complaint as <u>Exhibit 7</u>.

66.     HOF stated in its June 11, 2025 letter, in part: "misleading our business partners in efforts to deter those partners from continuing their contractual relationships with Hearts on Fire is tortious." HOF further wrote that it "[r]eserv[es] all rights to pursue other legal remedies."

67.     HOF's June 11, 2025 letter is a bullying attempting to deter Riddel from lawfully enforcing her trademark rights.

## SAKS GLOBAL'S AND NEIMAN MARCUS'S INFRINGEMENT OF RIDDEL'S RIGHTS IN THE "INSIDE OUT" MARK

68.     On information and belief, Bergdorf Goodman Inc. ("Bergdorf") is a subsidiary of Saks Global.

69.     On or around February 10, 2025, Riddel discovered that Bergdorf was selling or planning to sell Accused Products.

70.     On or around February 19, 2025, counsel for Riddel sent a cease and desist letter to Bergdorf insisting, *inter alia*, that it abstain from offering Accused Products.

71.     On or around February 20, 2025, counsel on behalf of Bergdorf responded via email. A true and complete copy of Bergdorf's February 20, 2025 email is attached hereto and made a part of the Complaint as <u>Exhibit 8</u>.

72.     In their February 20, 2025 email, counsel on behalf of Bergdorf stated, in

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

part: "Please be advised that we reviewed this matter and have taken steps to remove this product from our website and from the selling floor of our stores, and do not plan to order the product again in the future."

73.    On information and belief, Saks Global was aware of Bergdorf's response.

74.    Neiman Marcus is another subsidiary of Saks Global.

75.    Neiman Marcus sells HOF products.

76.    HOF's website lists a Neiman Marcus store in Newport Beach, CA as a retail location for HOF products. A true and complete copy of the HOF's website at https://www.heartsonfire.com/en/stores#/ (last visited July 2, 2025) is attached hereto and made a part of the Complaint as Exhibit 9.

77.    Neiman Marcus sells Accused Products.

78.    The February 20, 2025 email was sent by Linda Upton-Hamilton.

79.    On information and belief, Linda Upton-Hamilton's email address is Linda_Upton@neimanmarcus.com.

80.    On information and belief, Linda Upton-Hamilton is a senior paralegal for defendant Neiman Marcus.

81.    The February 20, 2025 email cc'ed, *inter alia*, Eliza Wahler.

82.    On information and belief, Eliza Wahler's email address is eliza.grodzki@saks.com.

83.    On information and belief, Eliza Wahler is a senior paralegal for defendant Saks Global.

84.    On information and belief, Neiman Marcus began selling Accused Products after February 20, 2025.

85.    On information and belief, Neiman Marcus's offering of Accused Products was and is done with defendant Saks Global's knowledge.

86.    On information and belief, Neiman Marcus's offering of Accused Products was and is done in coordination with Saks Global.

///

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

**COMPARISON OF RIDDEL'S USE OF INSIDE OUT**
**AND DEFENDANTS' USE OF INSIDE/OUT**

87.     INSIDE OUT and INSIDE/OUT are identical, except for INSIDE OUT including a space between "INSIDE" and "OUT" and INSIDE/OUT including a slash between "INSIDE" and "OUT."

88.     On information and belief, HOF intends INSIDE/OUT to be pronounced "INSIDE OUT".

89.     On information and belief, Defendants intend INSIDE/OUT to be pronounced "INSIDE OUT".

90.     On information and belief, substantially all consumers of the Accused Products pronounce INSIDE/OUT as "INSIDE OUT".

91.     HOF and retailers of Accused Products sometimes uses the words "INSIDE" and "OUT" without a slash therebetween. *See, e.g.*, Exhibit 6 (referring to "#HeartsOnFireInsideOut").

92.     INSIDE OUT as used by Riddel and INSIDE/OUT as used by Defendants are phonetically equivalent.

93.     Riddel uses INSIDE OUT in association with jewelry. The '382 Registration is for jewelry.

94.     Defendants offer jewelry under the INSIDE/OUT mark.

95.     The mark INSIDE OUT is inherently distinctive for jewelry.

96.     The mark INSIDE OUT is inherently distinctive for rings.

97.     The mark INSIDE OUT is inherently distinctive for bracelets.

98.     The mark INSIDE OUT is inherently distinctive for necklaces.

99.     The mark INSIDE OUT is inherently distinctive for earrings.

100.    Riddel's INSIDE OUT mark is incontestable, as "incontestable" is defined in 15 U.S.C. § 1065.

101.    Signet Jewelers is a competitor of Defendants.

102.    Signet Jewelers is a competitor of HOF.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

103.   Signet Jewelers is a competitor of Saks Global.

104.   Signet Jewelers is a competitor of Neiman Marcus.

105.   Riddel is a competitor of Defendants.

106.   Riddel is a competitor of HOF.

107.   Riddel is a competitor of Saks Global.

108.   Riddel is a competitor of Neiman Marcus.

109.   On information and belief, each of HOF, Saks Global, and Neiman Marcus has trademark counsel with which it confers regarding trademark issues.

110.   HOF is the owner of dozens of United States trademark registrations.

111.   Saks Global, Neiman Marcus, and/or companies related thereto collectively own dozens of United States trademark registrations. Multiple of those trademark registrations are used by Neiman Marcus.

112.   On information and belief, Defendants knew of Riddel prior to adopting the phrase INSIDE/OUT.

113.   On information and belief, Defendants knew of the '382 Registration prior to adopting the phrase INSIDE/OUT.

114.   On information and belief, Defendants knew of Riddel's use of the phrase INSIDE OUT prior to adopting the phrase INSIDE/OUT.

115.   On information and belief, Defendants knew of Riddel's trademark rights in the phrase INSIDE OUT prior to adopting the phrase INSIDE/OUT.

**HARM TO RIDDEL AND UNJUST ENRICHMENT OF DEFENDANTS**

116.   As the owner of the INSIDE OUT mark and the '382 Registration, Riddel is authorized and has standing to bring legal action to enforce all rights arising under the INSIDE OUT mark and the '382 Registration.

117.   On information and belief, Defendants have encouraged, assisted, and participated in one or more of the infringing acts stated herein, while knowing that such acts would be likely to cause confusion, mistake, and/or deception amongst relevant consumers.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

118.   On information and belief, Defendants have been, and presently are, willfully infringing the INSIDE OUT mark and the '382 Registration by making, importing, distributing, and/or selling products labeled with the INSIDE/OUT mark.

119.   Defendants' conduct is likely to cause confusion, mistake, and/or deception among the general purchasing public.

120.   Many consumers are likely to believe that Defendants' INSIDE/OUT products are authorized and/or endorsed by Riddel, or that Riddel's products are somehow associated with, affiliated with, and/or sponsored by Defendants.

121.   Additionally, on information and belief, Defendants are large companies and have vastly greater resources than Riddel.

122.   Many consumers are likely to believe that Riddel's INSIDE OUT products are somehow associated with, affiliated with, and/or sponsored by Defendants, when they are in fact not. Because of this, Riddel is losing and will continue to lose goodwill in the INSIDE OUT mark, and is losing and will continue to lose the ability to control how her INSIDE OUT mark is used.

123.   Defendants' use of the phrase INSIDE/OUT is likely to blur the distinctiveness of Riddel's INSIDE OUT mark.

124.   Defendants' use of the INSIDE/OUT phrase is likely to harm the ability of Riddel's INSIDE OUT mark to serve as an identifier for Riddel's products.

125.   If Defendants' conduct is not enjoined, such conduct will continue to injure the value of the INSIDE OUT mark and the '382 Registration and interfere with the ability of the INSIDE OUT mark to indicate goods emanating from a single source.

126.   Defendants have profited and are profiting from such trademark infringement and unfair competition.

127.   Defendants' acts as alleged above have caused and will continue to cause irreparable harm and injury to Riddel's reputation, identity, and ability to distinguish herself and her goods, all of it being harm and injury for which Riddel has no adequate remedy at law.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

1

**FIRST CAUSE OF ACTION**

2

**(Trademark Infringement; against all Defendants; 15 U.S.C. § 1114)**

3

128.   Riddel realleges and incorporates by reference the full text of all of the

4 foregoing numbered paragraphs, photographs, figures, and tables as though each such

5 paragraph, photograph, figure, and table has been fully set forth herein.

6

129.   Riddel is the owner of the INSIDE OUT mark, in connection with, *inter*

7 *alia*, jewelry.

8

130.   INSIDE OUT in conjunction with jewelry is a trademark registered under

9 Section 1(a) of the trademark laws of the United States, 15 U.S.C. § 1051(a), as U.S.

10 Trademark Registration No. 5,427,382.

11

131.   Riddel is the owner of U.S. Trademark Registration No. 5,427,382.

12

132.   Riddel's INSIDE OUT mark is a valuable, protectable mark.

13

133.   On information and belief, Defendants have directly or indirectly engaged in

14 the marketing, distribution, offering for sale, and/or sale of jewelry under the phrase

15 INSIDE/OUT. Their actions as alleged in this paragraph have been undertaken through

16 the use of interstate commerce.

17

134.   Riddel has not authorized Defendants to make these uses, as alleged above,

18 of the phrase INSIDE/OUT.

19

135.   On information and belief, Defendants' use of the INSIDE/OUT phrase as

20 alleged above is likely to cause confusion, mistake, and/or deception among consumers

21 as to the source, quality, and nature of Defendants' goods.

22

136.   On information and belief, Defendants' use of the INSIDE/OUT phrase as

23 alleged above is likely to cause confusion, mistake, and/or deception among consumers

24 as to the source, quality, and nature of plaintiff Riddel's goods.

25

137.   Defendants' use of the INSIDE/OUT phrase constitutes federal trademark

26 infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

27

138.   On information and belief, Defendants' acts of infringement as alleged

28 above have been willful, taken despite actual knowledge of Riddel's rights in the INSIDE

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

OUT mark, with the intent to cause, or with willful blindness as to whether they would cause, confusion, mistake, and/or deception among relevant consumers concerning Defendants' goods and services and injury to Riddel's reputation, goodwill, and sales.

139.   Under 15 U.S.C. § 1117, Riddel is entitled to recover the greater of her actual damages or Defendants' profits from their infringing acts, enhanced and multiplied up to three times, as well as Riddel's reasonable attorneys' fees.

140.   Under 15 U.S.C. § 1118, Riddel is also entitled to an order requiring destruction of all infringing goods and promotional materials in Defendants' possession or control.

141.   On information and belief, Defendants' conduct as alleged above has damaged and will continue to damage Riddel.

142.   On information and belief, as a result of their conduct as alleged above, Defendants have been unjustly enriched and have wrongfully profited.

143.   On information and belief, Defendants' conduct, unless preliminarily and then permanently enjoined, will cause irreparable harm to Riddel and to her goodwill and reputation, and to the goodwill and reputation of Riddel's INSIDE OUT mark.

144.   On information and belief, unless restrained and enjoined by this Court, Defendants will continue to engage in their infringing conduct, customers are likely to continue to be deceived and/or mistaken as to the true source, quality, sponsorship, and affiliation of Defendants' goods and Riddel's goods, Riddel's reputation and goodwill will be harmed in ways difficult to monetarily quantify, adequately repair, and compensate, and a multiplicity of suits will be required.

## SECOND CAUSE OF ACTION

### (Federal Unfair Competition; against all Defendants; 15 U.S.C. § 1125(a))

145.   Riddel realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, photographs, figures, and tables as though each such paragraph, photograph, figure, and table has been fully set forth herein.

146.   On information and belief, on or in connection with jewelry, Defendants

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

have used words, terms, names, symbols, devices, or a combination of them, that falsely designate the origin of those goods, or conveyed false or misleading descriptions or representations of fact.

147.    On information and belief, Defendants' conduct as alleged above is likely to cause confusion, and/or to cause mistake, or to deceive as to the affiliation, connection, and/or association of Defendants with Riddel, or as to the origin, sponsorship, or approval of Defendants' goods. On information and belief, Defendants' conduct as alleged above, through commercial advertising and promotion, has misrepresented the nature, characteristics, qualities, or geographic origin of Defendants' goods.

148.    On information and belief, Defendants' conduct as alleged above is likely to cause confusion, and/or to cause mistake, or to deceive as to the affiliation, connection, and/or association of Riddel with Defendants, or as to the origin, sponsorship, or approval of Riddel's goods.

149.    On information and belief, Defendants' acts as alleged above constitute unfair competition through false descriptions, false designations, false representations of origin, and false advertising in interstate commerce, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

150.    On information and belief, Defendants' acts of unfair competition have been willful, taken despite actual knowledge of Riddel's rights in the INSIDE OUT mark, with the intent to cause, or with willful blindness as to whether they would cause, confusion, mistake, and/or deception among relevant consumers concerning Defendants' goods, and injury to Riddel's reputation, goodwill, and sales.

151.    Under 15 U.S.C. § 1117, Riddel is entitled to recover the greater of her actual damages or Defendants' profits from their acts constituting false designation of origin and unfair competition, enhanced and multiplied up to three times, as well as Riddel's reasonable attorneys' fees.

152.    Under 15 U.S.C. § 1118, Riddel also is entitled to an order requiring destruction of all goods, containers, and promotional materials in Defendants' possession

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

or control bearing or connected to any false, misleading, deceptive or confusing words, terms, names, symbols, devices, or combination of them.

153.   On information and belief, Defendants' conduct as alleged above has damaged and will continue to damage Riddel.

154.   On information and belief, as a result of their conduct as alleged above, Defendants have been unjustly enriched and have wrongfully profited.

155.   On information and belief, Defendants' conduct, unless preliminarily and then permanently enjoined, will cause irreparable harm to Riddel and to her goodwill and reputation, and to the goodwill and reputation of Riddel's INSIDE OUT mark.

156.   On information and belief, unless restrained and enjoined by this Court, Defendants will continue to engage in their infringing conduct, customers are likely to continue to be deceived and/or mistaken as to the true source, quality, sponsorship, and affiliation of Defendants' goods, Riddel's reputation and goodwill will be harmed in ways difficult to monetarily quantify, adequately repair, and compensate, and a multiplicity of suits will be required.

## THIRD CAUSE OF ACTION

### (California Unfair Competition; against all Defendants; Cal. Bus. & Prof. Code, §§ 17200 *et seq.*)

157.   Riddel realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, photographs, figures, and tables as though each such paragraph, photograph, figure, and table has been fully set forth herein.

158.   Riddel's INSIDE OUT mark is an inherently distinctive, strong mark.

159.   On information and belief, in addition to being inherently distinctive, Riddel's use of the INSIDE OUT mark over time caused it, prior to Defendants' infringing acts, to acquire secondary meaning that served to distinguish the mark in the minds of relevant consumers, as an indicator of the origin or source of products bearing or associated with the mark.

160.   On information and belief, Defendants have used marks equivalent and

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

substantially identical to Riddel's INSIDE OUT mark on and in connection with jewelry.

161.   On information and belief, Riddel and Defendants are competitors.

162.   On information and belief, Defendants and Signet Jewelers are competitors.

163.   Riddel has been in discussions with Signet Jewelers to partner with regard to Riddel's INSIDE OUT mark.

164.   On information and belief, members of the relevant public are likely to identify Defendants' jewelry goods as those from Riddel, or to believe or be confused as to whether Riddel has some connection with Defendants' goods.

165.   On information and belief, some members of the relevant public are likely to identify Riddel's jewelry goods as those from Defendants, or to believe or be confused as to whether Defendants have some connection with Riddel's goods.

166.   On information and belief, Defendants' conduct as alleged above is unfair and unlawful under California law.

167.   On information and belief, as a result of Defendants' unfair practices, Riddel has lost profits and suffered additional harm to her reputation and goodwill, all in amounts to be proven at trial.

168.   On information and belief, as a result of Defendants' unfair practices, Defendants have unfairly acquired or retained revenues, in an amount to be proven at trial. Riddel is entitled to an order that Defendants disgorge all such unfairly acquired money.

169.   On information and belief, Defendants' conduct, unless permanently enjoined, will cause irreparable harm to Riddel and to her goodwill and reputation.

170.   Defendants' conduct has caused, and will continue to cause, irreparable harm to Riddel, harm for which Riddel has no adequate remedy at law. For those reasons, Riddel is entitled to preliminary and permanent injunctive relief to prevent further acts of unfair competition.

171.   On information and belief, Defendants' acts of unfair competition were undertaken with the intention of depriving Riddel of her legal rights, with malice,

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

oppression, or fraud, in conscious disregard for those rights or willful blindness to the effect on those rights. Accordingly, Riddel is entitled to an award of exemplary damages according to proof.

172.    Also upon proof, Riddel is entitled to recover her costs, including attorneys' fees, under California Code of Civil Procedure § 1021.5.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Riddel prays for relief as follows:

1.    That the Court enter judgment that Defendants have infringed Riddel's trademark INSIDE OUT mark in violation of 15 U.S.C. § 1114; have used false designations of origin, false descriptions, false representations, and false advertising in violation of 15 U.S.C. § 1125(a); and have committed acts constituting trademark infringement and unfair competition, in violation of federal and California law;

2.    That the Court preliminarily and then permanently enjoin Defendants, and all of their officers, directors, agents, servants, employees and attorneys, and all other persons acting directly or indirectly in concert with Defendants, from using in commerce, in connection with the advertising, marketing, distribution, sale, or offering for sale of any jewelry, or related goods and services, the trademark INSIDE OUT or any other confusingly similar mark and/or designation, or from otherwise infringing upon and/or diluting Riddel's registered trademark; from using in commerce a domain name, web site or metatags incorporating the INSIDE OUT mark; from unfairly competing with Plaintiff; from engaging in acts of false advertising; and from engaging in any other acts that tend to damage the value of Riddel's INSIDE OUT mark, trade name, business reputation, and goodwill;

3.    That the Court order Defendants to surrender for destruction all products, containers, labels, advertisements, promotional materials, and other materials constituting an infringement of Riddel's trademark or the means by which such infringement is facilitated;

4.    That the Court award Riddel her damages according to proof;

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

5.      That the Court disgorge profits from Defendants' sales of infringing products;

6.      That the Court increase and enhance by three times any award of damages and/or profits based on Defendants' willfulness;

7.      That the Court award punitive or exemplary damages for Defendants' acts of unfair competition pursuant to California law;

8.      That the Court award Riddel her costs, including attorneys' fees, under California Code Civil Procedure § 1021.5

9.      That the Court deem this to be an exceptional case as defined by 15 U.S.C. § 1117(a);

10.     That the Court award Riddel her reasonable attorneys' fees and costs of suit;

11.     That the Court award pre-judgment interest on all amounts claimed as permitted by law; and

12.     That the Court award Riddel such further relief as the Court deems just and proper.


DATED: July 10, 2025                        Respectfully submitted,

                                            FERGUSON CASE ORR PATERSON LLP


                            By:     /s/ Corey A. Donaldson
                                    COREY A. DONALDSON
                                    JESSICA M. WAN
                                    MORGAN T. LYNCH

                                    Attorneys for Plaintiff Holly M. Riddel

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38-1, Plaintiff Holly M. Riddel hereby demands a trial by jury of any and all issues triable of right by a jury pursuant to the Seventh Amendment to the United States Constitution or as given by a statute of the United States.

DATED: July 10, 2025                    Respectfully submitted,

FERGUSON CASE ORR PATERSON LLP

By:     /s/ Corey A. Donaldson
        COREY A. DONALDSON
        JESSICA M. WAN
        MORGAN T. LYNCH

        Attorneys for Plaintiff Holly M. Riddel

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL