**BRYAN CAVE LEIGHTON PAISNER LLP**
Erik Kahn (*Admitted Pro Hac Vice*)
erik.kahn@bclplaw.com
1290 Avenue of the Americas
New York, New York 10104-3300
Telephone: (212) 541-2000
Facsimile: (212) 541-4630

**BRYAN CAVE LEIGHTON PAISNER LLP**
Jasdeep S. Atwal, California Bar No. 318309
jasdeep.atwal@bclplaw.com
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone: (310) 576-2100
Facsimile: (310) 576-2200

Attorneys for Defendant Hearts On Fire, LLC

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

HOLLY M. RIDDEL, an individual,

Plaintiff,

v.

HEARTS ON FIRE COMPANY, LLC, a Massachusetts Limited Liability Company; SAKS GLOBAL ENTERPRISES LLC, a Delaware Limited Liability Company; and THE NEIMAN MARCUS GROUP LLC, a Delaware Limited Liability Company,

Defendants.

Case No. 2:25-cv-06276-JWF-BFM

**DECLARATION OF ERIK KAHN REGARDING RULE 7-3 CONFERENCE ON PLAINTIFF HOLLY M. RIDDEL'S ANTICIPATED MOTION FOR PRELIMINARY INJUNCTION**

Action Filed: July 10, 2025
Trial Date: Not set

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

**DECLARATION OF ERIK KAHN**

I, Erik Kahn, declare as follows:

1. I am a partner with the law firm of Bryan Cave Leighton Paisner LLP, counsel of record for Defendant Hearts on Fire, LLC ("HOF"). I submit this Declaration pursuant to Paragraph 5(b) of this Court's Standing Order and its Order striking the parties' Joint Statement After Meet and Confer Pursuant to Standing Order Paragraph 5(b). (*See* Dkt. No. 26.) I have personal knowledge of the information set forth in this declaration and, if called upon to do so, could and would testify truthfully and competently with respect thereto.

2. I am lead counsel for HOF in this action. On August 11, 2025, I met and conferred with Corey A. Donaldson, counsel for Plaintiff Holly M. Riddel ("Riddel") pursuant to Local Rule 7-3 regarding Riddel's anticipated motion for preliminary injunction. Because I am located in New York, New York, this conference occurred via video conference.

3. During our Rule 7-3 conference, Mr. Donaldson and I discussed the merits of Riddel's anticipated preliminary injunction motion.

4. Mr. Donaldson and I discussed Riddel's likelihood of success on the merits. Specifically, we discussed the application of the *Sleekcraft* factors to this case. I explained that the term Inside Out is used and understood by consumers, including retail store buyers, as a well-established name for jewelry with stones set on the inside and the outside of a ring, bracelet or hoop earring. I indicated that Defendants intended to petition for cancelation of the Plaintiff's registration. I further discussed the Defendants' position, that the term Inside Out has become generic or so diluted by third party use that it cannot function as a trademark, and that this conclusion is supported by: 1) the significant third party use of the term "Inside Out" in a non-source indicating manner; 2) use of the term "Inside Out" by major retailers in a non-source indicating manner; and 3) use of the term "Inside Out" by industry publications to refer to a type of goods. I said that there were other Sleekcraft factors

that supported Defendants' position, and that Defendants believe that the wide spread party use of the term indicates that Inside Out is not capable of being source indicating, thus militating against a likelihood of consumer confusion. Counsel for Plaintiff disagreed with our legal conclusions.

5. In discussing the issue of irreparable harm, I explained that based on its research, HOF has been unable to identify anything more than *de minimis* commercial use of the term "Inside Out" by Riddel.

6. Mr. Donaldson, in turn, asserted that "Inside Out" is inherently distinctive and that it has acquired distinctiveness through Riddel's use of the term. Further, Mr. Donaldson took the position that "Inside Out" is the subject of an incontestable trademark registration, and he asserted that not much has changed in the marketplace since the issuance of the trademark registration. I disagreed with that assertion.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

7. Mr. Donaldson and I also addressed Riddel's alleged irreparable harm and the balance of hardships that would result from issuance of an injunction. I questioned Riddel's ability to prove irreparable harm, which would need to be established in part by Plaintiff's sales data prior to and from February 2025 to the present date, the approximate time period during which Riddel alleges that HOF marketed and sold infringing products. I requested expedited discovery on the scope and extent of Riddel's sales prior to and during this period.

8. Mr. Donaldson rejected my request for expedited discovery and argued that irreparable harm is presumed in trademark cases where a Plaintiff seeks a preliminary injunction. I explained that the presumption of harm is rebuttable and is considered in light of the likelihood of a plaintiff to succeed and the circumstances underlying the parties' commercial activities and a court's determination of the effect of an injunction by applying a balance of the equities test among other factors.

9. Riddel and HOF disagreed about their respective positions articulated above in Paragraphs 4 through 9 (and for the reasons described therein), and were

unable to resolve this disagreement during the Rule 7-3 conference.

10. Mr. Donaldson and I concluded the Rule 7-3 conference by discussing a potential informal resolution of this action. Those discussions are ongoing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on August 18, 2025, at New York, New York.

*/s/ Erik Kahn*
Erik Kahn

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386