**BRYAN CAVE LEIGHTON PAISNER LLP**
Jasdeep S. Atwal, California Bar No. 318309
jasdeep.atwal@bclplaw.com
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone:   (310) 576-2100
Facsimile:   (310) 576-2200

Attorneys for Defendants and Counterclaimants Hearts On Fire, LLC, Saks Global Enterprises, LLC, and The Neiman Marcus Group LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLY M. RIDDEL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HEARTS ON FIRE COMPANY, LLC, a Massachusetts Limited Liability Company; SAKS GLOBAL ENTERPRISES LLC, a Delaware Limited Liability Company; THE NEIMAN MARCUS GROUP LLC, a Delaware Limited Liability Company; and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 2:25-cv-06276-JWF-BFM<br><br>**DEFENDANTS' ANSWER AND COUNTERCLAIMANTS' COUNTERCLAIM**<br><br>Action Filed: July 10, 2025<br>Trial Date: Not set |

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1    Defendants Hearts On Fire Company, LLC ("HOF"), Saks Global Enterprises

2  LLC ("Saks") and The Neiman Marcus Group LLC ("Neiman Marcus") (collectively,

3  "Defendants") answer Plaintiff Holly M. Riddel's ("Plaintiff") Complaint as follows:

4                                    **PARTIES**

5    1.    Defendants lack knowledge or information sufficient to form a belief as

6  to the truth of the allegations of Paragraph 1 and on that basis deny them.

7    2.    Defendants lack knowledge or information sufficient to form a belief as

8  to the truth of the allegations regarding Plaintiff's information and belief and on that

9  basis deny them. HOF admits that it is a limited liability company duly organized and

10 existing under the laws of the State of Massachusetts with a location at 99 Summer

11 Street, 4th Floor, Boston, MA 02110.

12   3.    Defendants lack knowledge or information sufficient to form a belief as

13 to the truth of the allegations regarding Plaintiff's information and belief and on that

14 basis deny them. Saks admits that it is a limited liability company duly organized and

15 existing under the laws of the State of Delaware with a location at 225 Liberty Street,

16 31st Floor, New York, NY 10281.

17   4.    Defendants lack knowledge or information sufficient to form a belief as

18 to the truth of the allegations regarding Plaintiff's information and belief and on that

19 basis deny them. Neiman Marcus admits that it is a limited liability company duly

20 organized and existing under the laws of the State of Delaware with a location at 1618

21 Main Street, Dallas, TX 75201.

22   5.    Paragraph 5 states legal conclusions to which no response is required.

23 To the extent a response is deemed required, Defendants admit that Plaintiff

24 purported to sue certain defendants as "DOES 1 through 10." Defendants lack

25 knowledge or information sufficient to form a belief as to the truth of the allegations

26 regarding Plaintiff's information and belief, including about the "true names and

27 capacities" of the DOE Defendants and their purported affiliation with Defendants

28 and on that basis deny them. Defendants lack knowledge or information sufficient to

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  form a belief as to the truth of the allegations regarding Plaintiff's intent to amend the

2  Complaint and on that basis deny them. Defendants deny the remaining allegations of

3  Paragraph 5.

4      6.      Paragraph 6 states legal conclusions to which no response is required.

5  To the extent a response is deemed required, Defendants deny the allegations of

6  Paragraph 6.

7      7.      Paragraph 7 states legal conclusions to which no response is required.

8  To the extent a response is deemed required, Defendants deny the allegations of

9  Paragraph 7.

10                      **JURISDICTION AND VENUE**

11      8.      Defendants admit that the Complaint purports to state claims under the

12  statutes referenced in Paragraph 8.

13      9.      Paragraph 9 states legal conclusions to which no response is required.

14  To the extent a response is deemed required, Defendants admit that the Complaint

15  purports to state claims under the federal trademark laws of the United States and state

16  law claims.

17      10.     Paragraph 10 states legal conclusions to which no response is required.

18  To the extent a response is deemed required, Defendants deny the allegations of

19  Paragraph 10.

20      11.     Defendants lack knowledge or information sufficient to form a belief as

21  to the truth of the allegations regarding Plaintiff's information and belief and on that

22  basis deny them. Defendants admit that Saks is the corporate parent of Neiman

23  Marcus.

24      12.     HOF and Neiman Marcus admit that they are registered to do business

25  in the State of California and have registered agents in the State of California.

26      13.     Defendants lack knowledge or information sufficient to form a belief as

27  to the truth of the allegations regarding Plaintiff's information and belief and on that

28  basis deny them. Defendants admit that HOF products are sold through at least one

1   Neiman Marcus store. Defendants admit that Neiman Marcus has stores in Beverly

2   Hills, Newport Beach, and Topanga. Defendants admit that one or more HOF

3   products is sold through Neiman Marcus stores in California. Defendants deny the

4   remaining allegations of Paragraph 13.

5        14.    Defendants lack knowledge or information sufficient to form a belief as

6   to the truth of the allegations regarding Plaintiff's information and belief and on that

7   basis deny them. Defendants admit that HOF products are offered for sale through

8   Neiman Marcus's websites, including into California. Defendants deny the remaining

9   allegations of Paragraph 14.

10       15.    Defendants lack knowledge or information sufficient to form a belief as

11  to the truth of the allegations regarding Plaintiff's information and belief and on that

12  basis deny them. HOF admits that it has shipped at least one of the products

13  characterized as an Accused Product to one or more customers in California. Neiman

14  Marcus and Saks lack knowledge or information sufficient to form a belief as to the

15  truth of the remaining allegations of Paragraph 15 and on that basis deny them.

16       16.    Paragraph 16 states legal conclusions to which no response is required.

17  To the extent a response is deemed required, Defendants lack knowledge or

18  information sufficient to form a belief as to the truth of the allegations regarding

19  Plaintiff's information and belief and on that basis deny them. Because Plaintiff's

20  reference to "regular business" without any more particularity is vague and fails to

21  place Defendants on notice of the substance of the allegation, Defendants lack

22  knowledge or information sufficient to form a belief as to the truth of the allegations

23  of Paragraph 16 and on that basis deny them.

24       17.    Paragraph 17 states legal conclusions to which no response is required.

25  To the extent a response is deemed required, Defendants admit that they have

26  conducted business in the State of California. Defendants deny the remaining

27  allegations of Paragraph 17.

28       18.    Paragraph 18 states legal conclusions to which no response is required.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  To the extent a response is deemed required, Because Plaintiff's reference to

2  "substantial part" without any more particularity is vague and fails to place

3  Defendants on notice of the substance of the allegation, Defendants lack knowledge

4  or information sufficient to form a belief as to the truth of the allegations of Paragraph

5  18 and on that basis deny them.

6
7  **RIDDEL'S BUSINESS AND DEVELOPMENT OF THE "INSIDE OUT"
MARK**

8  19.    Defendants admit that the Complaint purports to state claims for

9  trademark infringement and unfair competition.

10  20.    Defendants lack knowledge or information sufficient to form a belief as

11  to the truth of the allegations of Paragraph 20 and on that basis deny them.

12  21.    Defendants lack knowledge or information sufficient to form a belief as

13  to the truth of the allegations of Paragraph 21 and on that basis deny them.

14  22.    Defendants lack knowledge or information sufficient to form a belief as

15  to the truth of the allegations of Paragraph 22 and on that basis deny them.

16  23.    The identified website speaks for itself. Defendants refer to the identified

17  website for its true and accurate contents and deny any allegations inconsistent

18  therewith.

19  24.    Defendants lack knowledge or information sufficient to form a belief as

20  to the truth of the allegations of Paragraph 24 and on that basis deny them.

21  25.    Defendants lack knowledge or information sufficient to form a belief as

22  to the truth of the allegations of Paragraph 25 and on that basis deny them.

23  26.    Defendants lack knowledge or information sufficient to form a belief as

24  to the truth of the allegations of Paragraph 26 and on that basis deny them.

25  27.    Paragraph 27 states legal conclusions to which no response is required.

26  To the extent a response is deemed required, Defendants deny that the mark "INSIDE

27  OUT" as used by Plaintiff has acquired significant market strength and goodwill or

28  distinctiveness or secondary meaning, and that it is inherently distinctive. Defendants

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1
2

lack knowledge or information sufficient to form a belief as to the truth of the
remaining allegations of Paragraph 27 and on that basis deny them.

3
4

28.     Defendants lack knowledge or information sufficient to form a belief as
to the truth of the allegations of Paragraph 28 and on that basis deny them.

5
6

29.     Defendants lack knowledge or information sufficient to form a belief as
to the truth of the allegations of Paragraph 29 and on that basis deny them.

7
8

30.     Defendants lack knowledge or information sufficient to form a belief as
to the truth of the allegations of Paragraph 30 and on that basis deny them.

9
10
11
12
13
14
15
16

31.     Defendants lack knowledge or information sufficient to form a belief as
to the truth of the allegations regarding Plaintiff's information and belief and on that
basis deny them. HOF admits that Signet Jewelers is one of the largest retailers of
diamond jewelry in the world, and that it includes brands such as Kay Jewelers, Zales,
and Jared. Saks and Neiman Marcus lack knowledge or information sufficient to form
a belief as to the truth of the allegations relating to Signet Jewelers' status as one of
the largest retailers of diamond jewelry in the world and its brand portfolio and on
that basis denies them.

17
18

32.     Defendants lack knowledge or information sufficient to form a belief as
to the truth of the allegations of Paragraph 32 and on that basis deny them.

19
20

33.     Defendants lack knowledge or information sufficient to form a belief as
to the truth of the allegations of Paragraph 33 and on that basis deny them.

21
22

**RIDDEL'S FEDERAL TRADEMARK REGISTRATION FOR "INSIDE
OUT"**

23
24
25
26
27
28

34.     Defendants admit that the records of the United States Patent and
Trademark Office's (the "USPTO") available at the USPTO's website at
www.uspto.gov ("USPTO's Website") reflect that Plaintiff applied to register
"INSIDE OUT" Under U.S. TM App. No. 87/560422 (the "'422 Application") and
further refer to such application for its complete and accurate contents and deny any
allegations inconsistent therewith.

35.    Defendants admit that the records for the '422 Application available on the USPTO's Website do not reflect any refusal of the '422 Application on descriptiveness grounds and further refer to the file history for the '422 Application for their full and accurate contents and deny any allegations inconsistent therewith.

36.    Defendants admit that the records for the '422 Application available on the USPTO's Website do not reflect any refusal of the '422 Application on genericness grounds and further refer to the file history for the '422 Application for their full and accurate contents and deny any allegations inconsistent therewith.

37.    Defendants admit that the records for the '422 Application available on the USPTO's Website reflect that the '422 Application was published for opposition on January 2, 2018 and that no opposition was filed to the '422 Application and further refer to the file history for the '422 Application for their full and accurate contents and deny any allegations inconsistent therewith.

38.    Defendants admit that the records available on the USPTO's Website reflect that U.S. Trademark Registration No. 5,427,382 (the "'382 Registration") for INSIDE OUT was issued on March 20, 2018 and further refer to such registration and the document attached as Exhibit 1 to the Complaint for its complete and accurate contents and deny any allegations inconsistent therewith.

39.    Because Plaintiff's allegation in Paragraph 39 is vague as to what trademark is being referenced, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 and on that basis deny them. Paragraph 39 states legal conclusions to which no response is required. To the extent a response is required and Plaintiff intended to refer to the '382 Registration, Defendants admit that based on the records available on the USPTO's Website, Plaintiff filed a Declaration of Incontestability of a Mark and further refer to such Declaration and the document attached as Exhibit 2 to the Complaint for its complete and accurate contents and deny any allegations inconsistent therewith

40.    Because Plaintiff's allegation in Paragraph 40 of the Complaint is vague

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

as to what trademark is being referenced, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 and on that basis deny them. Paragraph 40 states legal conclusions to which no response is required. To the extent a response is required and Plaintiff intended to refer to the '382 Registration, Defendants admit that the records available on the USPTO's Website reflect that that the USPTO issued a Notice of Acknowledgment and further refer to such Notice of Acknowledgement and the document attached as Exhibit 3 to the Complaint for its complete and accurate contents and deny any allegations inconsistent therewith.

41.    Paragraph 41 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that the records available at the USPTO's Website reflect that Plaintiff is the owner of the '382 Registration and further refer to such records for their complete and accurate contents and deny any allegations inconsistent therewith. Defendants deny that the '382 Registration is enforceable.

42.    Paragraph 42 states legal conclusions to which no response is required.

43.    Paragraph 43 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 43.

44.    Paragraph 44 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 44.

**HOF'S INFRINGEMENT OF RIDDEL'S RIGHTS IN THE "INSIDE OUT" MARK**

45.    Defendants admit that HOF is a jewelry company.

46.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 and on that basis deny them.

47.    Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations of Paragraph 47 regarding Plaintiff's knowledge and on that basis deny them. Defendants admit that that HOF launched the INSIDE/OUT line in February 2025 or after.

48.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 regarding the authorship of the article at the identified URL link and on that basis deny them. Defendants admit that the article is accessible at the identified URL link and further refer to such link and the document attached as Exhibit 4 to the Complaint for their complete and accurate contents and deny any allegations inconsistent therewith.

49.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 regarding Plaintiff's information and belief and on that basis deny them. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 regarding Plaintiff's retention of counsel and on that basis deny them. With respect to the remaining allegations of Paragraph 49, HOF admits that it received a letter from a person purporting to be Plaintiff's counsel on or about February 19, 2025 (the "February 19th Letter") and refers to the February 19th Letter for its true and accurate contents and denies any allegations inconsistent therewith. Saks and Neiman Marcus lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 49 and on that basis deny them.

50.    HOF admits that its counsel responded to the February 19th Letter on or about February 26, 2025 (the "February 26th Letter") and refers to the February 26th Letter for its true and accurate content and denies any allegations inconsistent therewith. Saks and Neiman Marcus lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 and on that basis deny them.

51.    HOF admits that it received a letter from a person purporting to be Plaintiff's counsel on or about March 13, 2025 (the "March 13th Letter") and refers to the March 13th letter for its true and accurate content and denies any allegations

1  inconsistent therewith. Saks and Neiman Marcus lack knowledge or information
2  sufficient to form a belief as to the truth of the allegations of Paragraph 51 and on that
3  basis deny them.

4        52.    HOF admits that its counsel responded to the March 13th Letter on or
5  about March 25, 2025 (the "March 25th Letter") and refers to the March 25th letter for
6  its true and accurate content and denies any allegations inconsistent therewith. Saks
7  and Neiman Marcus lack knowledge or information sufficient to form a belief as to
8  the truth of the allegations of Paragraph 52 and on that basis deny them.

9        53.    HOF admits that it received a letter from a person purporting to be
10  Plaintiff's counsel on or about April 22, 2025 (the "April 22nd Letter") and refers to
11  the April 22nd letter for its true and accurate content and denies any allegations
12  inconsistent therewith. Saks and Neiman Marcus lack knowledge or information
13  sufficient to form a belief as to the truth of the allegations of Paragraph 53 and on that
14  basis deny them.

15        54.    HOF admits that its counsel responded to the April 22nd Letter on or
16  about April 25, 2025 (the "April 25th Letter") and refers to the April 25th letter for its
17  true and accurate content and denies any allegations inconsistent therewith. Saks and
18  Neiman Marcus lack knowledge or information sufficient to form a belief as to the
19  truth of the allegations of Paragraph 54 and on that basis deny them.

20        55.    HOF admits that as of the date of the filing of the Complaint, HOF
21  offered jewelry for sale in conjunction with the phrase Inside/Out, including on its
22  website and that Exhibit 5 to the Complaint appears to be a printout of pages from
23  www.heartsonfire.com and further refers to Exhibit 5 to the Complaint for its
24  complete and accurate contents and denies any allegations inconsistent therewith.
25  Saks and Neiman Marcus lack knowledge or information sufficient to form a belief
26  as to the truth of the allegations of Paragraph 55 and on that basis deny them.

27        56.    Defendants deny that HOF uses Inside/Out as a trademark.

28        57.    Defendants deny that HOF uses Inside/Out in a trademark manner.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1
2
3

58.     HOF denies the allegations of Paragraph 58 of the Complaint. Saks and Neiman Marcus lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 and on that basis deny them.

4
5
6

59.     HOF denies the allegations of Paragraph 59. Saks and Neiman Marcus lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 and on that basis deny them.

7
8
9
10

60.     HOF denies the allegations of Paragraph 60, except it admits that HOF posted "Inside Stories," including short videos, on social media posts titled "Inside Stories." Saks and Neiman Marcus lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 and on that basis deny them.

11
12
13
14
15
16

61.     HOF admits that Exhibit 6 to the Complaint appears to be taken from an Instagram account associated with HOF and further refers to Exhibit 6 to the Complaint for its complete and accurate contents and denies any allegations inconsistent therewith. Saks and Neiman Marcus lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 and on that basis deny them.

17
18
19
20

62.     HOF refers to Exhibit 6 to the Complaint for its complete and accurate contents and denies any allegations inconsistent therewith. Saks and Neiman Marcus lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 and on that basis deny them.

21
22

63.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 and on that basis deny them.

23
24

64.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 and on that basis deny them.

25
26
27
28

65.     HOF admits that its counsel sent Plaintiff's counsel a letter on or about June 11, 2025 and refers to that letter and the document attached as Exhibit 7 to the Complaint for their true and accurate content and denies any allegations inconsistent therewith. Saks and Neiman Marcus lack knowledge or information sufficient to form

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   a belief as to the truth of the allegations of Paragraph 65 and on that basis deny them.

2   66.      HOF admits that Exhibit 7 contains the quoted text. Saks and Neiman

3   Marcus lack knowledge or information sufficient to form a belief as to the truth of the

4   allegations of Paragraph 66 and on that basis deny them.

5   67.      HOF denies the allegations of Paragraph 67 of the Complaint. Saks and

6   Neiman Marcus lack knowledge or information sufficient to form a belief as to the

7   truth of the allegations of Paragraph 67 and on that basis deny them.

8   **SAKS GLOBAL'S AND NEIMAN MARCUS'S INFRINGEMENT OF**

9   **RIDDEL'S RIGHTS IN THE "INSIDE OUT" MARK**

10   68.      Saks and Neiman Marcus deny that Bergdorf Goodman Inc. is a

11   subsidiary of Saks. Bergdorf Goodman is a retail brand name owned and operated by

12   Saks. HOF lacks knowledge or information sufficient to form a belief as to the truth

13   of the allegations of Paragraph 68 and on that basis denies them.

14   69.      Defendants lack knowledge or information sufficient to form a belief as

15   to the truth of the allegations of Paragraph 69 and on that basis deny them.

16   70.      Saks and Neiman Marcus admit that Bergdorf Goodman received a letter

17   from a person purporting to be Plaintiff's counsel on or about February 19, 2025 (the

18   February 19th Letter") and refer to the February 19th Letter for its true and accurate

19   content and deny any allegations inconsistent therewith. HOF lacks knowledge or

20   information sufficient to form a belief as to the truth of the allegations of Paragraph

21   70 and on that basis denies them.

22   71.      Saks and Neiman Marcus deny the allegations of Paragraph 71 except

23   admit that an employee of the Neiman Marcus Group responded to the February 19th

24   Letter    via    email    on    February    20,    2025    (the

25   February 20th Email") and refer to the February 20th Email and Exhibit 8 for their true

26   and correct content and deny any allegations inconsistent therewith. HOF lacks

27   knowledge or information sufficient to form a belief as to the truth of the allegations

28   of Paragraph 71 and on that basis denies them.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

72.     The February 20th Email speaks for itself. Saks and Neiman Marcus refer to the February 20th Email and Exhibit 8 for their true and accurate content and deny any allegations inconsistent therewith. HOF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 and on that basis denies them.

73.     Saks and Neiman Marcus admit that Saks was aware of the February 20th Email. HOF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 and on that basis denies them.

74.     Saks and Neiman Marcus admit that Neiman Marcus is a subsidiary of Saks. HOF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 and on that basis denies them.

75.     Defendants admit that Neiman Marcus sells at least one HOF product.

76.     HOF admits that the store locator function on www.heartsonfire.com identifies a Neiman Marcus store in Newport Beach, CA as a retail location for HOF products and that Exhibit 9 to the Complaint appears to be  a printout of pages taken from www.heartsonfire.com and further refers to Exhibit 9 to the Complaint for its complete and accurate content and denies any allegations inconsistent therewith. Saks and Neiman Marcus lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76 and on that basis deny them.

77.     Defendants deny the allegations of Paragraph 77.

78.     Saks and Neiman Marcus admit that the February 20th Email was sent by Linda Upton-Hamilton. HOF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78 and on that basis denies them.

79.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's information and belief and on that basis deny them. Saks and Neiman Marcus deny the remaining allegations of Paragraph 79. HOF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79 and on that basis denies them.

80.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's information and belief and on that basis deny them. Saks and Neiman Marcus deny the remaining allegations of Paragraph 80. HOF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80 and on that basis denies them.

81.     Saks and Neiman Marcus admit that the February 20th Email lists Eliza Wahler as a cc and refers to the February 20th Email and Exhibit 8 for their true and accurate content and deny any allegations inconsistent therewith. HOF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81 and on that basis denies them.

82.     Saks and Neiman Marcus admit that Eliza Wahler has an email address at eliza.grodzki@saks.com. HOF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82 and on that basis denies them.

83.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's information and belief and on that basis deny them. Saks and Neiman Marcus admit that Eliza Wahler is a senior paralegal with Saks. HOF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83 and on that basis denies them.

84.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's information and belief and on that basis deny them. Defendants admit that Neiman Marcus sold at least one product characterized as an "Accused Product" after February 20, 2025.

85.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's information and belief and on that basis deny them. Defendants admit that Saks was aware of Neiman Marcus's offering of at least one product characterized as an "Accused Product." HOF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85 and on that basis denies them.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

86.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's knowledge and on that basis deny them. Because Plaintiff's reference to "in coordination with" without any more particularity is vague and fails to place Defendants on notice of the substance of the allegation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86 and on that basis deny them.

## COMPARISON OF RIDDEL'S USE OF INSIDE OUT AND DEFENDANTS' USE OF INSIDE/OUT

87.     The visual differences between the phrases "INSIDE OUT" and "INSIDE/OUT" are self-evident.

88.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's knowledge and on that basis deny them. HOF admits that it intends that "INSIDE/OUT" be pronounced as "INSIDE OUT." Saks and Neiman Marcus lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88 and on that basis deny them.

89.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's information and belief and on that basis deny them. HOF admits that it intends that "INSIDE/OUT" be pronounced "INSIDE OUT." Saks and Neiman Marcus deny the allegations of Paragraph 88.

90.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90 and on that basis deny them.

91.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding third-party retailers' use of the words "INSIDE" and "OUT" and on that basis deny them. Defendants admit that HOF has used the words "INSIDE" and "OUT" without a slash therebetween on one occasion, *i.e.*, with respect to the "#HeartsOnFire" Instagram hashtag. A slash mark cannot be added to an Instagram hashtag.

92.     Defendants admit that "INSIDE OUT" as used by Plaintiff and

1    "INSIDE/OUT" as used by Defendants are phonetically equivalent.

2    93.    Defendants lack knowledge or information sufficient to form a belief as
3    to the truth of the allegations of Paragraph 93 regarding Plaintiff's use of INSIDE
4    OUT. Defendants refer to the '382 Registration for its full and accurate content and
5    deny any allegation inconsistent therewith.

6    94.    Defendants deny the allegations of Paragraph 94.

7    95.    Paragraph 95 states legal conclusions to which no response is required.
8    To the extent a response is deemed required, Defendants deny the allegations of
9    Paragraph 95.

10   96.    Paragraph 96 states legal conclusions to which no response is required.
11   To the extent a response is deemed required, Defendants deny the allegations of
12   Paragraph 96.

13   97.    Paragraph 97 states legal conclusions to which no response is required.
14   To the extent a response is deemed required, Defendants deny the allegations of
15   Paragraph 97.

16   98.    Paragraph 98 states legal conclusions to which no response is required.
17   To the extent a response is deemed required, Defendants deny the allegations of
18   Paragraph 98.

19   99.    Paragraph 99 states legal conclusions to which no response is required.
20   To the extent a response is deemed required, Defendants deny the allegations of
21   Paragraph 99.

22   100.    Paragraph 100 states legal conclusions to which no response is required.

23   101.    Defendants deny the allegations of Paragraph 101.

24   102.    HOF denies the allegations of Paragraph 102. Saks and Neiman Marcus
25   lack knowledge or information sufficient to form a belief as to the truth of the
26   allegations of Paragraph 102 and on that basis deny them.

27   103.    Saks and Neiman Marcus deny the allegations of Paragraph 103. HOF
28   lacks knowledge or information sufficient to form a belief as to the truth of the

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

allegations of Paragraph 103 and on that basis denies them.

104.    Saks and Neiman Marcus deny the allegations of Paragraph 104. HOF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 104 and on that basis denies them.

105.    Defendants deny the allegations of Paragraph 105.

106.    HOF denies the allegations of Paragraph 106. Saks and Neiman Marcus lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 106 and on that basis deny them.

107.    Saks and Neiman Marcus deny the allegations of Paragraph 107. HOF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 107 and on that basis denies them.

108.    Saks and Neiman Marcus deny the allegations of Paragraph 108. HOF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 108 and on that basis denies them.

109.    Because Plaintiff's allegation regarding Defendants having trademark counsel with which they confer regarding trademark issues is vague as to which issues she intends to reference and, therefore, fails to place Defendants on notice of the substance of the allegation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 109 and on that basis deny them.  Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's information and belief and on that basis deny them.

110.    HOF admits that it is the owner of more than a dozen United States trademark registrations. Saks and Neiman Marcus lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 110 and on that basis deny them.

111.    Defendants Saks and Neiman Marcus deny the allegations of Paragraph 111 of the Complaint, except admit that companies related to them collectively own

1  more than a dozen United States trademark registrations. HOF lacks knowledge or

2  information sufficient to form a belief as to the truth of the allegations of Paragraph

3  111 and on that basis denies them.

4  112.    Defendants lack knowledge or information sufficient to form a belief as

5  to the truth of the allegations regarding Plaintiff's information and belief and on that

6  basis deny them. Defendants deny the remaining allegations of Paragraph 112.

7  113.    Defendants lack knowledge or information sufficient to form a belief as

8  to the truth of the allegations regarding Plaintiff's information and belief and on that

9  basis deny them. Defendants deny the remaining allegations of Paragraph 113.

10  114.    Defendants lack knowledge or information sufficient to form a belief as

11  to the truth of the allegations regarding Plaintiff's information and belief and on that

12  basis deny them. Defendants deny the remaining allegations of Paragraph 114.

13  115.    Defendants lack knowledge or information sufficient to form a belief as

14  to the truth of the allegations regarding Plaintiff's information and belief and on that

15  basis deny them. Defendants deny the remaining allegations of Paragraph 115.

16  **HARM TO RIDDEL AND UNJUST ENRICHMENT OF DEFENDANTS**

17  116.    Paragraph 116 states legal conclusions to which no response is required.

18  To the extent a response is deemed required, Defendants further refer to the '382

19  Registration for its true and accurate content and deny any allegations inconsistent

20  therewith.

21  117.    Paragraph 117 states legal conclusions to which no response is required.

22  To the extent a response is deemed required, Defendants lack knowledge or

23  information sufficient to form a belief as to the truth of the allegations regarding

24  Plaintiff's information and belief and on that basis deny them. Defendants deny the

25  remaining allegations of Paragraph 117.

26  118.    Paragraph 118 states legal conclusions to which no response is required.

27  To the extent a response is deemed required, Defendants lack knowledge or

28  information sufficient to form a belief as to the truth of the allegations regarding

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   Plaintiff's information and belief and on that basis deny them. Defendants deny the

2   remaining allegations of Paragraph 118.

3       119.    Defendants deny the allegations of Paragraph 119.

4       120.    Defendants deny the allegations of Paragraph 120.

5       121.    Because Plaintiff's reference to "large companies" without any more

6   particularity is vague and fails to place Defendants on notice of the substance of the

7   allegation, Defendants lack knowledge or information sufficient to form a belief as to

8   the truth of the allegations of Paragraph 121 and on that basis deny them. Defendants

9   lack knowledge or information sufficient to form a belief as to the remaining

10  allegations of Paragraph 121 and on that basis deny them.

11      122.    Paragraph 122 states legal conclusions to which no response is required.

12  To the extent a response is deemed required, Defendants deny the allegations of

13  Paragraph 122.

14      123.    Paragraph 123 states legal conclusions to which no response is required.

15  To the extent a response is deemed required, Defendants deny the allegations of

16  Paragraph 123.

17      124.    Paragraph 124 states legal conclusions to which no response is required.

18  To the extent a response is deemed required, Defendants deny the allegations of

19  Paragraph 124.

20      125.    Defendants deny the allegations of Paragraph 125.

21      126.    Defendants deny the allegations of Paragraph 126.

22      127.    Paragraph 127 states legal conclusions to which no response is required.

23  To the extent a response is deemed required, Defendants deny the allegations of

24  Paragraph 127.

25                      **FIRST CAUSE OF ACTION**

26      **(Trademark Infringement; against all Defendants; 15 U.S.C. § 1114)**

27      128.    Paragraph 128 is an introductory statement to which no response is

28  required. To the extent a response is deemed required, Defendants admit that Plaintiff

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1
2
3
4
5

purports to incorporate by reference the full text of all of the foregoing numbered paragraphs, photographs, figures and tables as though each such paragraph, photograph, figure and table has been fully set forth therein. Defendants likewise incorporate by reference their responses to the preceding paragraphs as though fully set forth herein.

6
7

129.    Defendants admit that Plaintiff is the owner of the INSIDE OUT mark, in connection with, *inter alia*, jewelry.

8
9

130.    Defendants refer to the '382 Registration for its full and accurate content and deny any allegations inconsistent therewith.

10
11

131.    Defendants refer to the '382 Registration for its full and accurate content and deny any allegations inconsistent therewith.

12
13
14

132.    Paragraph 132 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 132.

15
16
17
18
19
20

133.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's information and belief and on that basis deny them. Defendants admit that they have directly or indirectly engaged in the marketing, distribution, offering for sale, and/or sale of jewelry under the phrase Inside/Out. Defendants admit that these actions as described in this paragraph have been undertaken through interstate commerce.

21
22
23
24

134.    Because Plaintiff's reference to uses "as alleged above" without any more particularity is vague and fails to place Defendants on notice of the substance of the allegation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 134 and on that basis deny them.

25
26
27
28

135.    Paragraph 135 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's information and belief and on that basis deny them. Defendants deny the

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  remaining allegations of Paragraph 135.

2      136.   Defendants lack knowledge or information sufficient to form a belief as

3  to the truth of the allegations regarding Plaintiff's information and belief and on that

4  basis deny them. Defendants deny the remaining allegations of Paragraph 136.

5      137.   Paragraph 137 states legal conclusions to which no response is required.

6  To the extent a response is deemed required, Defendants deny the allegations of

7  Paragraph 137.

8      138.   Paragraph 138 states legal conclusions to which no response is required.

9  To the extent a response is deemed required, Defendants lack knowledge or

10 information sufficient to form a belief as to the truth of the allegations regarding

11 Plaintiff's information or belief and on that basis deny them. Defendants deny the

12 remaining allegations of Paragraph 138.

13     139.   Paragraph 139 states legal conclusions to which no response is required.

14 To the extent a response is deemed required, Defendants deny that Plaintiff is entitled

15 to any of the remedies provided for under 15 U.S.C. § 1117.

16     140.   Paragraph 140 states legal conclusions to which no response is required.

17 To the extent a response is deemed required, Defendants deny that Plaintiff is entitled

18 to any remedies provided for under 15 U.S.C. § 1118.

19     141.   Paragraph 141 states legal conclusions to which no response is required.

20 To the extent a response is deemed required, Defendants lack knowledge or

21 information sufficient to form a belief as to the truth of the allegations regarding

22 Plaintiff's information or belief and on that basis deny them. Defendants deny the

23 remaining allegations of Paragraph 141.

24     142.   Paragraph 142 states legal conclusions to which no response is required.

25 To the extent a response is deemed required, Defendants lack knowledge or

26 information sufficient to form a belief as to the truth of the allegations regarding

27 Plaintiff's information or belief and on that basis deny them. Defendants deny the

28 remaining allegations of Paragraph 142.

1    143.    Paragraph 143 states legal conclusions to which no response is required.

2    To the extent a response is deemed required, Defendants lack knowledge or

3    information sufficient to form a belief as to the truth of the allegations regarding

4    Plaintiff's information or belief and on that basis deny them. Defendants deny the

5    remaining allegations of Paragraph 143.

6    144.    Paragraph 144 states legal conclusions to which no response is required.

7    To the extent a response is deemed required, Defendants lack knowledge or

8    information sufficient to form a belief as to the truth of the allegations regarding

9    Plaintiff's information or belief and on that basis deny them. Defendants deny the

10    remaining allegations of Paragraph 144.

11    ## SECOND CAUSE OF ACTION

12    **(Federal Unfair Competition; against all Defendants; 15 U.S.C. § 1125(a))**

13    145.    Paragraph 145 is an introductory statement to which no response is

14    required. To the extent a response is deemed required, Defendants admit that Plaintiff

15    purports to incorporate by reference the full text of all of the foregoing numbered

16    paragraphs, photographs, figures and tables as though each such paragraph,

17    photograph, figure and table has been fully set forth therein. Defendants likewise

18    incorporate by reference their responses to the preceding paragraphs as though fully

19    set forth herein.

20    146.    Paragraph 146 states legal conclusions to which no response is required.

21    To the extent a response is deemed required, Defendants lack knowledge or

22    information sufficient to form a belief as to the truth of the allegations regarding

23    Plaintiff's information or belief and on that basis deny them. Defendants deny the

24    remaining allegations of Paragraph 146.

25    147.    Paragraph 147 states legal conclusions to which no response is required.

26    To the extent a response is deemed required, Defendants lack knowledge or

27    information sufficient to form a belief as to the truth of the allegations regarding

28    Plaintiff's information or belief and on that basis deny them. Defendants deny the

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   remaining allegations of Paragraph 147.

2   148.   Defendants lack knowledge or information sufficient to form a belief as

3   to the truth of the allegations regarding Plaintiff's information or belief and on that

4   basis deny them. Defendants deny the remaining allegations of Paragraph 148.

5   149.   Paragraph 149 states legal conclusions to which no response is required.

6   To the extent a response is deemed required, Defendants lack knowledge or

7   information sufficient to form a belief as to the truth of the allegations regarding

8   Plaintiff's information or belief and on that basis deny them. Defendants deny the

9   remaining allegations of Paragraph 149.

10   150.   Paragraph 150 states legal conclusions to which no response is required.

11   To the extent a response is deemed required, Defendants lack knowledge or

12   information sufficient to form a belief as to the truth of the allegations regarding

13   Plaintiff's information or belief and on that basis deny them. Defendants deny the

14   remaining allegations of Paragraph 150.

15   151.   Paragraph 151 states legal conclusions to which no response is required.

16   To the extent a response is deemed required, Defendants deny that Plaintiff is entitled

17   to any of the remedies provided for under 15 U.S.C. § 1117.

18   152.   Paragraph 152 states legal conclusions to which no response is required.

19   To the extent a response is deemed required, Defendants s deny that Plaintiff is

20   entitled to any of the remedies provided for under 15 U.S.C. § 1118.

21   153.   Paragraph 153 states legal conclusions to which no response is required.

22   To the extent a response is deemed required, Defendants lack knowledge or

23   information sufficient to form a belief as to the truth of the allegations regarding

24   Plaintiff's information or belief and on that basis deny them. Defendants deny the

25   remaining allegations of Paragraph 153.

26   154.   Paragraph 154 states legal conclusions to which no response is required.

27   To the extent a response is deemed required, Defendants lack knowledge or

28   information sufficient to form a belief as to the truth of the allegations regarding

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   2   Plaintiff's information or belief and on that basis deny them. Defendants deny the remaining allegations of Paragraph 154.

3   4   5   6   7   155.   Paragraph 155 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's information or belief and on that basis deny them. Defendants deny the remaining allegations of Paragraph 155.

8   9   10   11   12   156.   Paragraph 156 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's information or belief and on that basis deny them. Defendants deny the remaining allegations of Paragraph 156.

13   ## THIRD CAUSE OF ACTION

14   15   **(California Unfair Competition; against all Defendants; Cal. Bus. & Prof. Code, §§ 17200 *et seq*.)**

16   17   18   19   20   21   22   157.   Paragraph 157 is an introductory statement to which no response is required. To the extent a response is deemed required, Defendants admit that Plaintiff purports to incorporate by reference the full text of all of the foregoing numbered paragraphs, photographs, figures and tables as though each such paragraph, photograph, figure and table has been fully set forth therein. Defendants likewise incorporate by reference their responses to the preceding paragraphs as though fully set forth herein.

23   24   25   158.   Paragraph 158 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 158.

26   27   28   159.   Paragraph 159 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding

1  Plaintiff's information or belief and on that basis deny them. Defendants deny the

2  remaining allegations of Paragraph 159.

3     160.   Paragraph 160 states legal conclusions to which no response is required.

4  To the extent a response is deemed required, Defendants lack knowledge or

5  information sufficient to form a belief as to the truth of the allegations regarding

6  Plaintiff's information or belief and on that basis deny them. Defendants deny the

7  remaining allegations of Paragraph 160.

8     161.   Defendants lack knowledge or information sufficient to form a belief as

9  to the truth of the allegations regarding Plaintiff's information or belief and on that

10  basis deny them. Defendants deny the remaining allegations of Paragraph 161.

11     162.   Defendants lack knowledge or information sufficient to form a belief as

12  to the truth of the allegations regarding Plaintiff's information or belief and on that

13  basis deny them. Defendants deny the remaining allegations of Paragraph 162.

14     163.   Defendants lack knowledge or information sufficient to form a belief as

15  to the truth of the allegations of Paragraph 163 and on that basis deny them.

16     164.   Defendants lack knowledge or information sufficient to form a belief as

17  to the truth of the allegations regarding Plaintiff's information or belief and on that

18  basis deny them. Defendants deny the remaining allegations of Paragraph 164.

19     165.   Defendants lack knowledge or information sufficient to form a belief as

20  to the truth of the allegations regarding Plaintiff's information or belief and on that

21  basis deny them. Defendants deny the remaining allegations of Paragraph 165.

22     166.   Paragraph 166 states legal conclusions to which no response is required.

23  To the extent a response is deemed required, Defendants lack knowledge or

24  information sufficient to form a belief as to the truth of the allegations regarding

25  Plaintiff's information or belief and on that basis deny them. Defendants deny the

26  remaining allegations of Paragraph 166.

27     167.   Paragraph 167 states legal conclusions to which no response is required.

28  To the extent a response is deemed required, Defendants lack knowledge or

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1
2
3

information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's information or belief and on that basis deny them. Defendants deny the remaining allegations of Paragraph 167.

4
5
6
7
8

168.     Paragraph 168 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's information or belief and on that basis deny them. Defendants deny the remaining allegations of Paragraph 168.

9
10
11
12
13

169.     Paragraph 169 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's information or belief and on that basis deny them. Defendants deny the remaining allegations of Paragraph 169.

14
15
16
17
18

170.     Paragraph 170 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's information or belief and on that basis deny them. Defendants deny the remaining allegations of Paragraph 170.

19
20
21
22
23
24
25

171.     Paragraph 171 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's information or belief and on that basis deny them. Defendants deny the remaining allegations of Paragraph 171. Defendants specifically deny that Plaintiff is entitled to an award of exemplary damages based on an alleged violation of Bus. & Prof. Code §§ 17200, *et seq*.

26
27
28

172.     Paragraph 172 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  Plaintiff's information or belief and on that basis deny them. Defendants deny the

2  remaining allegations of Paragraph 172. Defendants specifically deny that Plaintiff is

3  entitled to an award of costs, including attorneys' fees, based on an alleged violation

4  of Bus. & Prof. Code §§ 17200, *et seq*.

5  ## **PRAYER FOR RELIEF**

6  1.    Defendants deny that Plaintiff is entitled to any of the relief requested in

7  Paragraph 1 of the Prayer for Relief.

8  2.    Defendants deny that Plaintiff is entitled to any of the relief requested in

9  Paragraph 2 of the Prayer for Relief.

10  3.    Defendants deny that Plaintiff is entitled to any of the relief requested in

11  Paragraph 3 of the Prayer for Relief.

12  4.    Defendants deny that Plaintiff is entitled to any of the relief requested in

13  Paragraph 4 of the Prayer for Relief.

14  5.    Defendants deny that Plaintiff is entitled to any of the relief requested in

15  Paragraph 5 of the Prayer for Relief.

16  6.    Defendants deny that Plaintiff is entitled to any of the relief requested in

17  Paragraph 6 of the Prayer for Relief.

18  7.    Defendants deny that Plaintiff is entitled to any of the relief requested in

19  Paragraph 7 of the Prayer for Relief.

20  8.    Defendants deny that Plaintiff is entitled to any of the relief requested in

21  Paragraph 8 of the Prayer for Relief.

22  9.    Defendants deny that Plaintiff is entitled to any of the relief requested in

23  Paragraph 9 of the Prayer for Relief.

24  10.    Defendants deny that Plaintiff is entitled to any of the relief requested in

25  Paragraph 10 of the Prayer for Relief.

26  11.    Defendants deny that Plaintiff is entitled to any of the relief requested in

27  Paragraph 11 of the Prayer for Relief.

28  12.    Defendants deny that Plaintiff is entitled to any of the relief requested in

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  Paragraph 12 of the Prayer for Relief.

2  <center>**AFFIRMATIVE DEFENSES**</center>

3  Defendants allege the following defenses, without agreeing that they

4  bear the burden of proof or persuasion on any issue implicated thereby. Defendants

5  reserve the right to amend this Answer and assert additional affirmative defenses as

6  additional information becomes available through discovery:

7  <center>**FIRST AFFIRMATIVE DEFENSE**</center>

8  1.  The claims set forth in the Complaint are barred, in whole or in part,

9  because Plaintiff's purported mark INSIDE OUT is not a mark at all, but rather an

10  informational indicator of the construction of the product. The term "Inside Out"

11  and/or a similar combination of words has been and is used by numerous third parties

12  to describe jewelry products.

13  <center>**SECOND AFFIRMATIVE DEFENSE**</center>

14  2.  The claims set forth in the Complaint are barred, in whole or in part, on

15  the basis that Plaintiff's purported mark INSIDE OUT is generic and, therefore, not

16  protectable.

17  <center>**THIRD AFFIRMATIVE DEFENSE**</center>

18  3.  The claims set forth in the Complaint are barred, in whole or in part, on

19  the basis that Plaintiff's purported mark INSIDE OUT is so highly diluted by third-

20  party use that it is not capable of being source indicating to relevant consumers, and

21  upon information and belief, Plaintiff has abandoned any rights it purportedly had in

22  the purported mark INSIDE OUT by failing to control the use of the mark and/or to

23  police the marketplace against the use by third parties of the mark, or confusingly

24  similar marks, in connection with the applied for goods and services.

25  <center>**FOURTH AFFIRMATIVE DEFENSE**</center>

26  4.  The claims set forth in the Complaint are barred, in whole or in part, on

27  the basis that Plaintiff's purported mark INSIDE OUT is functional, or otherwise

28  fails as an indicator of source.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

<center>ANSWER AND COUNTERCLAIM</center>

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

## FIFTH AFFIRMATIVE DEFENSE

5.     The claims set forth in the Complaint are barred, in whole or in part, by the doctrines of fair use. Any use of the phrase "INSIDE OUT" by Defendants constitutes a generic or fair use of that term, which refers to certain jewelry products. Defendants do not use and have not used the term "INSIDE OUT" as a trademark in a source-indicating manner.

## SIXTH AFFIRMATIVE DEFENSE

6.     The claims set forth in the Complaint are barred, in whole or in part, because adoption and use that may be found to have caused infringement, if any, was innocent.

## SEVENTH AFFIRMATIVE DEFENSE

7.     The claims in the Complaint are barred, in whole or in part, by the doctrines of laches and/or acquiescence, equitable estoppel, and/or waiver.

## EIGHTH AFFIRMATIVE DEFENSE

8.     The claims in the Complaint are barred, in whole or in part, by the doctrines of unclean hands and/or trademark misuse.

## NINTH AFFIRMATIVE DEFENSE

9.     The unfair competition claims made in the Complaint are barred, in whole or in part, because Plaintiff has not suffered an ascertainable loss.

## TENTH AFFIRMATIVE DEFENSE

10.     Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendants in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Without admitting that the Complaint states a claim, Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that she will suffer any irreparable harm from Defendants' alleged actions. Any alleged injury or damage

ANSWER AND COUNTERCLAIM

1 suffered by Plaintiff would be adequately compensated by damages. Accordingly,
2 Plaintiff has a complete and adequate remedy at law and is not entitled to seek
3 equitable relief.

4 ## TWELFTH AFFIRMATIVE DEFENSE

5       12.   Without admitting that the Complaint states a claim, any remedies are
6 limited to the extent that there is sought an overlapping or duplicative recovery
7 pursuant to the various claims for any alleged single wrong.

8 ## THIRTEENTH AFFIRMATIVE DEFENSE

9       13.   The claims asserted in the Complaint are barred, in whole or in part, by
10 abandonment of Plaintiff's purported mark INSIDE OUT.

11 ## FOURTEENTH AFFIRMATIVE DEFENSE

12      14.   The claims asserted in the Complaint are barred, in whole or in part,
13 because there is no likelihood of confusion between Plaintiff's purported mark
14 INSIDE OUT and Defendants' generic use of the phrase "Inside/Out" on certain of
15 HOF's products. Plaintiff cannot claim or establish exclusive rights to the commonly
16 used phrase "INSIDE OUT" which is the definition of a type of jewelry.

17 ## FIFTEENTH AFFIRMATIVE DEFENSE

18      15.   The claims set forth in the Complaint, which are all based on Plaintiff's
19 purported mark INSIDE OUT, are barred, in whole or in part, because the registration
20 in the purported mark is invalid and/or unenforceable. The purported mark is either
21 (i) not a mark at all, but an informational indicator of the construction of a product,
22 or (ii) generic. The purported mark is not incontestable because, among other reasons,
23 the use of the term "INSIDE OUT" is a use, otherwise than as a mark, which is the
24 definition of a type of jewelry and used fairly and in good faith only to describe
25 Defendants' products.

26 ///
27 ///
28 ///

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1

## SIXTEENTH AFFIRMATIVE DEFENSE

2       16.     Without admitting that the Complaint states a claim, Plaintiff has

3   neglected, failed, and refused to mitigate her damages, if any, and is thereby barred

4   from recovery, or any such recovery must be reduced accordingly.

5

## SEVENTEENTH AFFIRMATIVE DEFENSE

6       17.     The claims set forth in the Complaint are barred, in whole or in part,

7   because the equities in this case weigh against the relief that Plaintiff seeks.

8

## EIGHTEENTH AFFIRMATIVE DEFENSE

9       18.     The claims set forth in the Complaint are barred, in whole or in part, by

10  the doctrine of unjust enrichment because the requested relief would result in an

11  unjust enrichment for Plaintiff.

12

## NINETEENTH AFFIRMATIVE DEFENSE

13      19.     The claims set forth in the Complaint are barred, in whole or in part,

14  because to the extent Plaintiff has suffered any of the injuries alleged in the

15  Complaint, which Defendants deny, Plaintiff could and should have reduced or

16  avoided any such injuries.

17

## DEFENDANTS' PRAYER FOR RELIEF

18      WHEREFORE, Defendants pray for judgment as follows:

19      1.      That the Plaintiff take nothing by her Complaint and that the same be

20  dismissed with prejudice;

21      2.      That the Defendants have judgment entered in their favor;

22      3.      That the Defendants be awarded their reasonable attorneys' fees and

23  costs of suit; and

24      4.      For such other and further relief as this Court deems proper.

25

## DEFENDANTS' DEMAND FOR JURY TRIAL

26      Defendants hereby demand a jury trial.

27  ///

28  ///

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1

## COUNTERCLAIM

2

3

4

5

6

7

Defendants and Counterclaimants Hearts on Fire Company, LLC ("HOF"), Saks Global Enterprises LLC ("Saks") and Neiman Marcus Group LLC ("Neiman Marcus") (collectively, "Counterclaimants") allege the following counterclaim against Plaintiff Holly M. Riddel ("Plaintiff"), and in support of that counterclaim allege, upon knowledge with respect to their own acts and upon information and belief as to other matters, as follows.

8

## NATURE OF THE ACTION

9

10

11

12

1.      This counterclaim seeks cancellation of Plaintiff's U.S. Trademark Registration No. 5,427,382 (the "'382 Registration") for INSIDE OUT on the grounds that the phrase INSIDE OUT is the generic term of a class of jewelry and not entitled to registration.

13

## JURISDICTION AND VENUE

14

15

16

2.      This Court has jurisdiction over the subject matter of these counterclaims pursuant to the Federal Rules of Civil Procedure and 15 U.S.C. §§ 1119 & 1121, 28 U.S.C. §§ 1331.

17

18

19

3.      This Court has personal jurisdiction over HOF and venue is proper, pursuant to 28 U.S.C. §1391, because, among other reasons, Plaintiff has consented to personal jurisdiction and venue by filing her Complaint against Counterclaimants.

20

## PARTIES

21

22

4.      HOF is a limited liability company existing under the laws of the State of Massachusetts, with a location at 99 Summer Street, 4th Floor, Boston, MA 02110.

23

24

5.      Saks is a limited liability company existing under the laws of the State of Delaware, with a location at 225 Liberty Street, 31st Floor, New York, NY 10281.

25

26

6.      Neiman Marcus is a limited liability company existing under the laws of the State of Massachusetts, with a location at 1618 Main Street, Dallas, TX 75201

27

28

7.      Upon information and belief, Holly M. Riddell is an individual residing in the State of California.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

**Hearts On Fire is a Recognized Industry Leader**

8.     HOF is a well-established industry leader for the manufacture and sale of jewelry with a reputation for excellence for their high-end jewelry comprised of precious metals and stones.

9.     Retailers purchase HOF's jewelry because of their confidence that HOF uses the highest quality of jewelry design and build quality, not because of the line designations used by HOF to describe or characterize the different styles of jewelry it offers.

10.    HOF is known for its modern, bold and uncommonly graceful jewelry.

11.    Major retailers have come to associate HOF with meticulous artisanship.

12.    HOF uses the highest quality conflict-free stones in its jewelry.

13.    HOF cuts stones used in its jewelry under 100X (100 times) magnification by specialized master craftsmen with mathematical precision.

14.    HOF has collaborated with Victoria's Secret regarding the use of its jewelry, dressing several Victoria's Secret models with its jewelry in the Victoria's Secret runway show.

15.    Celebrities have worn HOF jewelry during major award shows such as Primetime Emmy Awards, the Oscars and the Billboard awards.

16.    HOF is one of the most prestigious global jewelry brands with an excellent reputation among the highest end retailers.

**"Inside Out" is a Generic Term**

17.    The phrase "Inside Out" as used as a name of a type of jewelry is a generic term and not protectable at law.

18.    The phrase "Inside Out" is not recognized by the public as source indicating of a particular brand; rather, industry buyers understands that the term "Inside Out" is the definition of a style of jewelry.

19.    The primary meaning of the term "Inside Out" is to guide jewelry buyers and end purchasers who are interested in buying "Inside Out" style of jewelry.

ANSWER AND COUNTERCLAIM

1   20.     "Inside Out" as used as the definition for a type of jewelry, defines a
2   style of jewelry in which both the inside and outside of the jewelry are design
3   elements, including where there is adornment (including, but not limited to, jewels
4   (real or imitation)) on both the inside and the outside of the jewelry or the jewelry
5   bends, curves or folds in manner which reveals or feature some or all the inside of
6   the jewelry as well as the outside (an "Inside Out Design").

7   **Extensive Use of Inside Out by Third Parties**

8   21.     The fact that the term "Inside Out" is the definition of a type of jewelry
9   is evidenced by extensive use of the term "Inside Out" by manufacturers and retailers
10   to communicate to consumers the type of jewelry being sold.

11   22.     Another critical factor evidencing the fact that "Inside Out" has become
12   and is now the definition of a type of jewelry is the use of the term by industry trade
13   journals as a genus of goods.

14   23.     Trade publications in the jewelry industry, including Jeweler's Circular
15   Keystone (JCK), National Jeweler and Angara.com, regularly refer to "Inside Out"
16   as a jewelry style.

17   24.     An October 2020 article in JCK, by Kristin Young, for example, quoted
18   a buyer describing retail trends, who commented that "Inside-out hoop earrings are
19   still hot, hot, hot. They're a classic."

20   25.     The phrase "inside out" (used with and without capitalization of the first
21   letters) is widely used by numerous third parties, not as a source indicator, but rather
22   as a definition of a type of jewelry with an Inside Out Design.

23   26.     Upon information and belief, consumers of jewelry understand the
24   "inside out" (with and without first letter capitals) as used in connection with jewelry
25   to define a genus of jewelry using an Inside Out Design.

26   27.     Within the jewelry industry the phrase "inside out" (with and without
27   first letter capitals) refers to the type of jewelry that is characterized by the Inside Out
28   Design.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

28. Hundreds of retailers or products use "inside out" (with and without first letter capitals) in the name and/or description of jewelry to refer or name jewelry using an Inside Out Design.

29. Examples of retailers that use "inside out" (with and without first letter capitals) to name a type of jewelry using an Inside Out Design includes, without limitation Tiffany's, Zales, Jared, Blue Nile, Saks, Nordstrom, Macy's, Bloomingdales and Kenneth Lane.

30. Zales offers for sale "CT. T.W. Certified Lab-Grown Diamond Inside-Out Hoop Earrings in 10K White Gold (F/SI2)" which are adorned on the outside and inside of the earrings. The description of these earrings on Zales' website at www.zales.com, a true and correct copy of which is included as **Exhibit A** hereto, includes the following: "Each earring features certified lab-grown diamonds that graduate in size along the outer front and inside back edges."

31. Zales also sells other jewelry pieces using an Inside Out Design whose name and/or description includes the phrase "inside out."

32. As another example, Macy's offers for sale "Crystal Pavé Inside Out Paperclip Hoop Earrings" which are adorned on the outside and inside of the earrings. The description of these earrings on Macy's website at www.macys.com, a true and correct copy of which is included as **Exhibit B** hereto, includes the following: "Glittering round brilliant cut-like cubic zirconias add a luxe detail to these brightly polished hoop earrings, beautifully arranged in an inside out style in prong settings."

33. Macy's also sells other jewelry pieces using an Inside Out Design whose name and/or description includes the phrase "inside out."

34. Another example is that Bloomingdales offers for sale an "inside out" hoop earrings, which are adorned on the outside and inside of the earrings. A true and correct copy of Bloomingdales' website for this product is included as **Exhibit C** hereto.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

ANSWER AND COUNTERCLAIM

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

35. Bloomingdales also sells other jewelry pieces using an Inside Out Design whose name and/or description includes the phrase "inside out."

36. As a further example, Kenneth Lane sells a product called "Baguette CZ Inside Out." The description of these earrings on Kenneth Lane's website, www.kennethjaylane.com, a printout of which is included as **Exhibit D** hereto, includes the following: "Baguette shaped stones inside and out offer 360 degree sparkle" and "Inside out hoop styling."

37. Kenneth Lane also sells other jewelry pieces using an Inside Out Design whose name and/or description includes the phrase "inside out."

38. Numerous trade publications in the jewelry industry use the term "Inside Out" to describe the genus of jewelry. The National Jeweler profile of the Hearts On Fire "Inside/Out" collection discusses how the collection highlights "the exposed 'inside' half of the folded over gold."

39. There are numerous references in the media referring to "inside out" jewelry.

40. Examples of other uses of the phrase "inside out" to describe jewelry using an Inside Out Design are included on **Exhibit E** hereto.

41. Plaintiff has chosen to litigate against one manufacturer of fine quality jewelry out of the numerous manufacturers and retailers who use the generic phrase, "inside out," and is attempting to use its registration to hamper the fair use of the very name for the category of item that is being sold to retailers and their retail consumers. Trademark law does not permit companies to co-opt common generic words, thereby preventing others from using such words to accurately indicate their goods and services. This well-established rule of law and equity protects both sellers and consumers, and is grounds for cancellation of a trademark registration for a term that has become generic.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1

## <u>COUNT I – CANCELLATION OF REGISTRATION NO. 5,427,382</u>

2

3

42.    Counterclaimants repeat and incorporate by reference the foregoing allegations set forth in this Counterclaim as if fully set forth herein.

4

5

6

43.    Pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, this Court is empowered to order the cancellation of a trademark registration in any civil action involving a registered mark.

7

8

44.    Plaintiff's INSIDE OUT mark is generic for the goods and services covered by the '382 Registration.

9

10

45.    The '382 Registration should be canceled in its entirety because the purported mark has become and is generic.

11

12

13

46.    Counterclaimants will be damaged by Plaintiff's continued registration on the Principal Register of the mark INSIDE OUT, Reg. No. 5,427,382, unless such mark is cancelled and removed from the Principal Register.

14

## <u>COUNTERCLAIMANTS' PRAYER FOR RELIEF</u>

15

16

WHEREFORE, Counterclaimants pray for judgment in their favor and against the Plaintiff as follows:

17

18

1.    For a judgment directing the United States Patent and Trademark Office to cancel the registration of U.S. Trademark Registration No. 5,427,382.

19

## <u>COUNTERCLAIMANTS' DEMAND FOR JURY TRIAL</u>

20

Counterclaimants hereby demand a jury trial.

21

22

Dated: September 5, 2025        **BRYAN CAVE LEIGHTON PAISNER LLP**

23

*/s/ Jasdeep S. Atwal*

24

Jasdeep S. Atwal
Attorneys for Defendants and Counterclaimants

25

Hearts On Fire, LLC, Saks Global Enterprises LLC, and The Neiman Marcus Group LLC

26

27

28

ANSWER AND COUNTERCLAIM